[199]         DICKERSON v. SIMMS.

1. An attachment is dissolved by the entering of bail to the action.

2. Whether an attachment can issue for unliquidated damages.   *Quere.*

This was a case of attachment.   The writ had originally issued from the Common Pleas of Morris county, in an action of covenant, and the proceedings were removed to this court by *certiorari.*   The first and second default were recorded, and auditors had been appointed.

It appeared that Simms, while an inhabitant of Morris county, had taken a lease in July, 1774, from Hannah Dick-

erson, the plaintiff, and had himself covenanted, among other things, to clear some meadow. He afterwards removed out of the county with his family. The plaintiff made the necessary oath prescribed by law, and this writ of attachment was issued. In March, 1793, Simms gave bail to the suit, after which the auditors proceeded, and reported, September 23d, £167 1s. 1d. to be due to the plaintiff.

*Ea. Boudinot* and *Aa. Ogden*, for defendant, contended—

1st. That an attachment would not lie in a case of covenant which was to recover unliquidated damages, because such damages cannot be assessed without the intervention of a jury. *Freeman* v. *Hyett*, 1 *Bl. Rep.* 394. See *Fisher* v. *Consequa, C. C. U. S.; Serg. on Attach.* 44.

2d. That Simms, having removed out of the state a length of time before the attachment issued, must be considered as a non-resident, and ought to have been proceeded against under the act of June, 1792.

3d. That the entering of bail put an end to the attachment, and the subsequent proceedings of the auditors were void, they having no jurisdiction.

KINSEY, C. J. I am not prepared to say that an attachment will not lie for breach of covenant. My own opinion is, that it would ; and I believe that with us the practice has always been to issue attachments whether the damages were liquidated or not, and I should be loth to lay down a principle which would over-[200]-turn a long-established practice. The affidavit pointed out by the act of assembly requires nothing further than that the plaintiff should state that the defendant owes him more than is cognizable before a justice, (*Allinson* 174, § 4,) and I think a man may be said to owe, in many cases, before damages are liquidated. Hardy as the oath in the present case may justly be styled, I am not inclined to set the attachment aside for this reason. Nor indeed am I for the second, as it is admitted that Simms was once an inhabitant.

But we are all of opinion that the filing of bail put an end to the attachment. The object of the law was to compel an appearance to answer the demand; that end being accomplished, all the subsequent proceedings are void.

Attachment quashed.

CITED *in Ayres* v. *Bartlett,* 2 *Gr.* 332.